Robert J. Ponzini, Esq. Village Attorney, North Tarrytown
You have asked whether there are any prohibitions against the enactment by a village of a local law barring the presence or use by industries of highly dangerous toxic chemicals on property located within the village and, in the alternative, whether a village may regulate the ways in which these chemicals are maintained. Further, you inquire whether a local law to this effect may apply to existing businesses. You have indicated that the purpose of these regulations is to protect the health and safety of village residents.
It is clear that local governments have the power to enact such regulations. The question is whether the regulations are inconsistent with or preempted by State or Federal law. Every local government is empowered to adopt and amend local laws consistent with the provisions of the Constitution and general State laws relating to the government, protection, order, conduct, safety, health and well-being of persons or property in the local government (NY Const, Art IX, § 2[c]; see also, Municipal Home Rule Law, § 10[1][ii][a][12]). This is the grant of the police power. The proposed regulation is intended to further the health, safety and welfare of persons and property within the village and thus would be within the scope of this delegation of home rule power.
There are several proposals before the State Legislature to regulate industry in the State maintaining or utilizing hazardous materials, including the Attorney General's legislative proposal No. 212, 1985-1986, dealing with the prevention of and emergency response to environmental accidents (enclosed). If any of these proposals are enacted, you should consider their impact upon the provisions of any proposed or existing local laws.
At the Federal level, you should consider the impact of the Toxic Substances Control Act, 15 U.S.C. § 2601, et seq. upon the proposed local regulations. This Act includes a preemption clause that has been construed by the courts. Local regulations that effect a ban on toxic chemicals whose disposal has been regulated under the Toxic Substances Control Act have been found to be preempted (Rollins Environmental vParish of St. James, 775 F.2d 627 [5th Cir, 1985]); Warren County v Stateof North Carolina, 528 F. Supp. 276 [ED North Carolina, 1981]). Also, you should consider the effect on your proposed regulations of the Resource Conservation and Recovery Act (42 U.S.C. § 6901, et seq.;
Environmental Conservation Law, §§ 27-0900, et seq.).
We suggest also that you consider the impact of the Commerce Clause of the United States Constitution on your proposal (US Const, Art I, §8, cl 3). Because you have not established your proposed regulations in any detail, no firm conclusions can be reached but we will provide you with some general guidelines.
The Commerce Clause does not invalidate all State restrictions on commerce (Kassel v Consolidated Freightways, 450 U.S. 662, 669 [1981]). It has long been recognized that in the absence of conflicting Federal regulations there is a residuum of power in the State to make laws governing matters of local concern which in some measure affect or regulate interstate commerce (ibid.). Where a statute regulates even-handedly to effectuate a legitimate public interest, does not patently discriminate against interstate trade, and its effect on interstate commerce in only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to putative local benefits (Pike v Bruce Church, 397 U.S. 137, 142 [1970];Head v Board of Examiners, 374 U.S. 424 [1963]).
The Supreme Court has been most reluctant to invalidate, under the Commerce Clause, State legislation in the field of safety, in which the propriety of local legislation has long been recognized (Raymond MotorTransportation, Inc. v Rice, 434 U.S. 429, 443 [1978]; Kassel, supra, p 670; Head, supra, pp 428-429). But a purpose to promote public health or safety does not insulate a State law from attack under the Commerce Clause (Kassel, supra, p 670). Regulations designed for that purpose, nevertheless, may further the public safety so marginally and interfere with commerce so substantially as to be invalid under the Commerce Clause (ibid.). The extent of the burden that will be tolerated will depend on the nature of the local interest involved and on whether it could be promoted as well with a lesser impact on interstate activities (Pike,supra, p 142; Sanitation Serv. v Plattekill, 51 N.Y.2d 670, 677 [1980]).
We conclude that a village, using its home rule powers, is authorized to regulate the maintenance and use of hazardous materials by industries in the village. It is necessary, however, to consider the impact of the Commerce Clause of the United States Constitution and of the provisions of the Federal Toxic Substances Control Act and the Resource Conservation and Recovery Act upon such regulations. Also, the village should consider the effect of any pending proposals before the State Legislature, should they be enacted into law.